IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARRY SACOCO DOMINGO, | ) | CIVIL NO. 02-00167 HG-BMK |
| | ) | CRIM. NO. 98-00594 HG-01 |
| Petitioner, | ) | |
| | ) | **ORDER DENYING PETITIONER'S** |
| vs. | ) | **"MOTION FOR RELIEF FROM** |
| | ) | **JUDGMENT OR ORDER PURSUANT** |
| UNITED STATES OF AMERICA, | ) | **TO FED. R. CIV. P. RULE** |
| | ) | **60(b)(5) AND (6)"** |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING PETITIONER'S "MOTION FOR RELIEF FROM JUDGMENT OR
ORDER PURSUANT TO FED. R. CIV. P. RULE 60(b)(5) AND (6)"**

Petitioner Larry Sacoco Domingo ("Domingo") has moved,
pursuant to Fed. R. Civ. P. 60(b)(5) and (6), for relief from
this Court's order denying his first habeas petition.  Domingo
seeks relief on the grounds that the state court has now, since
the time of his federal habeas petition, vacated his state court
conviction used to enhance his federal sentence under the federal
sentencing guidelines.

Over two years passed between this Court's entry of
judgment of conviction in the federal case and the time that
Domingo filed his state habeas petition challenging the state
court conviction used to enhance his federal sentence.  The Court
denies Domingo's motion because he did not act with due diligence
in challenging his state court conviction.

1

Domingo has also filed a motion to reply to the Government's response and a motion to adopt exhibits.  The Court grants these motions and has considered the arguments and exhibit in making its decision.

## PROCEDURAL HISTORY

On January 6, 1999, Domingo pled guilty to Count 1 of a two-count indictment, pursuant to a Memorandum of Plea Agreement, for conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of Title 21, United States Code, §§ 841(a)(1) and 846.

On September 20, 1999, the Court sentenced Domingo to 151 months imprisonment and five years supervised release.  The Court entered judgment on September 23, 1999.  Domingo did not appeal his conviction or sentence and the judgment against him became final on October 7, 1999.  Domingo had until October 7, 2000 to timely file a Section 2255 habeas corpus motion.

On March 20, 2002, Domingo filed a "Motion to Vacate, Set Aside or Correct Sentence" pursuant to 28 U.S.C. § 2255" ("Section 2255 Motion") in the United States District Court District of Hawaii seeking to have his sentence vacated and remanded due to ineffective assistance of counsel.

On March 25, 2002, the Court ordered both Domingo and the United States to show cause why Domingo's Section 2255 Motion should not be dismissed for Domingo's failure to bring his

2

Section 2255 Motion within one year of the judgment becoming final pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2255 ("AEDPA").

On April 23, 2002, Domingo filed a response to the order to show cause and requested that his Section 2255 Motion be dismissed without prejudice to be refiled once the collateral attack upon his state court conviction was resolved, although Domingo had not yet initiated the collateral attack in state court.

On May 9, 2002, the United States filed its response to Order to Show Cause arguing that Domingo's Section 2255 Motion should be dismissed with prejudice as untimely.

On May 21, 2002, the Court entered an "Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 and Denying Petitioner's Motion to Dismiss".  The Court dismissed Domingo's Section 2255 Motion with prejudice on the grounds that it was untimely filed.  In particular, Domingo's conviction became final on October 7, 1999 so he had until October 7, 2000 to file a Section 2255 motion.  Domingo's Section 2255 Motion was not filed until March 20, 2002.

On June 6, 2002, Domingo filed a "Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner From Custody" pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP") on ineffective assistance of counsel grounds in the

3

Circuit Court of the First Circuit of the State of Hawaii.

On December 15, 2004, the Circuit Court of the First Circuit of the State of Hawaii granted Domingo's June 6, 2002 petition for post-conviction relief under HRPP 40 on the grounds that Domingo was denied effective assistance of counsel and entered his pleas without a full and correct understanding of his legal position upon conviction.  The state court vacated Domingo's July 21, 1998 judgment and conviction.

On November 22, 2005, Domingo filed a "Motion for Relief From Judgment or Order Pursuant to Fed. R. Civ. P. Rule 60 (b)(5) & (6)" with this Court ("Rule 60(b) Motion", Doc. 79).

On January 20, 2006, per Court order, the Government filed the "Response of the United States to Petitioner's Motion for Relief From Judgment or Order Pursuant to Fed. R. Civ. P. Rule 60(b)(5) and (6)" (Doc. 82).

On February 6, 2006, Domingo filed a "Motion to Reply Government's Response to Petitioner's Rule 60(b)(5) & (6) of the F.R.Civ.P." ("Reply", Doc. 83).

On February 8, 2006, Domingo filed a "Motion to Adopt Exhibits Pursuant to Rule 10(c) of the F.R.Civ.P." (Doc. 84).

## ANALYSIS

### A.    Background

As the Court previously held on May 21, 2002, Domingo's Section 2255 Motion was time-barred under the one-year period of

limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 ("AEDPA").  In his Rule 60(b) Motion, Domingo seeks reconsideration of the Court's May 21, 2002 Order, arguing that the vacatur of his state court conviction used to enhance his federal sentence renewed AEDPA's one-year time limitation such that his time to file a Section 2255 motion would run from the date he received notice of the vacatur.

**B.   Fed. R. Civ. P. 60(b)(5) and (6)**

Fed. R. Civ. P. 60(b)(5) and (6), relied on by Domingo, provide, in part:

> (b)   **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**   On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Domingo's request does not fall within Rule 60(b)(6).  For relief under Rule 60(b)(6) the party must demonstrate that "extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment." Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004), cert. denied 544 U.S. 908 (2005)(quotation and citation omitted).  Rule 60(b) is an

5

equitable remedy that is to be used "sparingly". <u>United States
v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir.
1993).  A party is not entitled to relief under the rule if he
has "ignored normal legal recourses." <u>Id</u>. (quotations and
citations omitted).  Rule 60(b)(6) should not be used to
circumvent the time limitations of Section 2255.  <u>See</u> <u>Gonzales v.
Secretary for the Dept. of Corrections</u>, 366 F.3d 1253, 1271 (11th
Cir. 2004).  As evident from the discussion below, Domingo has
not demonstrated "extraordinary circumstances" warranting relief
under Rule 60(b)(6).

Domingo's request may fall within the purview Rule 60(b)(5).
In his Section 2255 Motion, Domingo raised the issue of the
effect of his prior state court conviction on his federal
sentence, but at the time he filed his motion the state court had
not yet vacated his conviction.[1]  Domingo argues that the vacatur
of his state court conviction started a renewed one-year
limitations period such that the Court should reopen his Section
2255 Motion.

**C.  <u>Johnson v. United States</u>, 544 U.S. 295 (2005)**

While Domingo's request may at first appear to fall within
the purview of Rule 60(b)(5), the Court's inquiry is controlled

---

[1]  In fact, at the time Domingo filed his Section 2255
Motion, he had not even filed the state habeas petition necessary
to challenge the state court conviction used to enhance his
federal sentence.

by AEDPA's limitations period and the United States Supreme Court's decision in Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571 (2005).  In Johnson, the Supreme Court addressed the effect of the vacatur of a prisoner's prior state conviction on the one-year limitations period under AEDPA.  See 28 U.S.C. § 2255.  Generally, the one-year period runs from the latest of four alternative dates, the last of which is "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

The Johnson court considered the relief available to a prisoner whose state court conviction upon which his federal sentence was based had been vacated after AEDPA's one-year limitations period had run.  The Supreme Court reasoned that because the state court order vacating the state court conviction constituted a previously undiscoverable fact supporting the claim, it triggered a new one-year limitations period.  The Supreme Court held that the one-year limitations period begins to run when the petitioning prisoner receives notice of the order vacating the prior conviction, provided that the prisoner sought habeas relief with due diligence in state court after entry of judgment in the federal case in which the Court enhanced his sentence based upon the state conviction.  Johnson, 125 S. Ct. at 1580.

### D.   Domingo Lacked Due Diligence in Filing His State Habeas Petition

In this case, it is true that Domingo filed his Rule 60(b) Motion on November 22, 2005, within one year of the state court's December 15, 2004 order vacating his state court conviction.[2] The key inquiry, however, is whether Domingo acted with due diligence, as required by Section 2255, in challenging the state court conviction which led to the December 15, 2004 vacatur order.  Id. at 1581.  To determine whether a prisoner acted with due diligence, the Johnson court looked to the time between the date the district court entered the judgment of conviction in the federal case and the time when the prisoner initiated the state court habeas proceedings to obtain the state court order vacating his predicate state court conviction.  Id. at 1582.

In Johnson, Johnson did not file a state habeas petition to attack the predicate state court conviction used to enhance his sentence until more than three years after the court entered judgment in the federal case.  Id.  The Court noted that Johnson did not offer an explanation for this delay beyond submitting that he was *pro se* and lacked the sophistication to follow the

---

[2] Because of the Court's finding with regard to Domingo's lack of due diligence, the Court need not address whether Domingo's Rule 60(b) motion should be treated as a second or successive habeas petition.  See Ortiz v. Stewart, 195 F.3d 520, 521 (9th Cir. 1999).  Domingo is not entitled to relief even if the Court does not apply AEDPA's requirements for filing second or successive Section 2255 petitions.

procedures.  Id.  The Court rejected this explanation.  Id.

Similar to Johnson, Domingo did not file his state habeas petition until approximately two and half years after the Court entered its judgment of conviction.  The Court entered judgment on September 23, 1999 and Domingo's judgment of conviction became final on October 7, 1999.  Domingo did not file his state habeas petition until June 6, 2002.  Domingo did not exercise due diligence.  See id. at 1582; Rivers v. United States, 416 F.3d 1319, 1322 (11th Cir. 2005) (filing of state habeas petition more than four years after court entered judgment on prisoner's federal sentence showed failure to act with reasonable diligence).

Domingo does not offer a viable explanation for his delay in challenging his state court conviction.  Domingo argues that long delays in his state habeas proceedings prevented him from collaterally challenging his federal sentence within the one-year period.  (See Rule 60(b) Motion at 6-10.)  The relevant due diligence inquiry, however, is when Domingo *initiated* the state habeas proceedings, not how long it took him to obtain relief.  Domingo did not initiate the state habeas proceedings until over two and a half years after entry of judgment on his federal conviction.

In the state habeas proceeding, Domingo argued and prevailed on an ineffective assistance of counsel claim.  Domingo was aware

9

of his ineffective assistance of counsel claim from the date the
Court entered the judgment of conviction.  At sentencing and upon
entry of judgment by the Court, Domingo also became aware that
his state court conviction had enhanced his federal sentence.
There is no reason that Domingo could not have brought the state
habeas proceedings earlier.

Further, Domingo's lack of diligence in seeking habeas
relief is not excused by ineffective assistance of counsel.[3]  The
law is clear that a defendant does not have the right to
effective assistance of counsel while seeking post-conviction
relief.  See Loveland v. Hatcher, 231 F.3d 640, 644 n.4 (9th Cir.
2000) ("a defendant does not have the right to effective
assistance of counsel while seeking post-conviction relief")
(citing Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is
no constitutional right to an attorney in state post-conviction
proceedings . . . Consequently, a petitioner cannot claim
constitutionally ineffective assistance of counsel in such
proceedings.").

While Domingo represents that he had several communications
with former defense counsel, Frank Fernandez, in an attempt to
obtain relief from his state court conviction used to enhance his
federal sentence, there is no indication that Domingo believed,

---

[3]  The Court need not, and does not, decide whether Domingo
received effective assistance of counsel in the federal
proceedings.

or had any reason to believe, that Fernandez had filed, or even intended to file, a state habeas petition on his behalf.  Domingo says only that he "believed that [his] counsel was taking care of [his] state-conviction by the withdrawal of [his] Nolo plea . . .").  (Reply at 2; see also Rule 60(b) Motion at 8.)  Domingo also points out that in October 2000, he filed a complaint against Fernandez with the Office of Disciplinary Counsel.  (Reply at 2; Motion to Adopt Exhibits, Oct. 20, 2000 letter from Domingo to Office of Disciplinary Counsel.)  In the letter complaint, Domingo sought return of the $5,000 retainer he paid to Fernandez, alleging he retained Fernandez for only one day.  This is evidence that Domingo was aware that Fernandez was not working on his case.  Finally, although Fernandez is the same counsel the state court found ineffective in the state court proceedings, during his federal plea and sentencing, Domingo was represented by counsel other than Fernandez.

**CONCLUSION**

For the foregoing reasons,

(1)   Domingo's "Motion to Reply Government's Response to Petitioner's Rule 60(b)(5) & (6) of the F.R.Civ.P." (Doc. 83) is **GRANTED**;

(2)   Domingo's "Motion to Adopt Exhibits Pursuant to Rule 10(c) of the F.R.Civ.P." (Doc. 84), construed as a motion to file a supplemental exhibit in support of

11

Domingo's Rule 60(b) Motion, is **GRANTED**;

(3)   Domingo's "Motion for Relief From Judgment or Order

Pursuant to Fed. R. Civ. P. Rule 60 (b)(5) & (6)" (Doc.

79) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 24, 2006.



  **/s/ Helen Gillmor**
Chief United States District Judge

---

Domingo v. United States, Civil No. 02-00167 HG-BMK; Crim. No.
98-00594 HG-01; **ORDER DENYING PETITIONER'S "MOTION FOR RELIEF
FROM JUDGMENT OR ORDER PURSUANT TO FED. R. CIV. P. RULE 60(b)(5)
and (6)".**