IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARRY SACOCO DOMINGO, | ) | CRIM. NO. 98-00594 HG-01 |
| | ) | |
| Petitioner, | ) | CIVIL NO. 02-00167 HG-BMK |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| _____ | ) | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

The Ninth Circuit Court of Appeals has ordered a remand to this District Court "for the limited purpose of granting or denying a certificate of appealability." (Doc. 90). This Court finds that the petitioner is not entitled to a certificate of appealability ("COA") for the following reasons:

**Relevant Standard for Issuance of a Certificate of Appealability ("COA")**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2), and shall indicate which specific issues satisfy the requirement. To make a "substantial" showing, the United States Supreme Court has explained that a prisoner must show that "reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983); and see, Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002), cert. denied, 539 U.S. 958 (2003).

"[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling". Slack, 529 U.S. at 484-85.

**Background and Procedural History**

On September 16, 1998, Larry S. Domingo ("Petitioner" or "Domingo") was charged with drug-trafficking offenses in a two-count federal indictment. (Doc. 16). On January 6, 1999, he entered into a written plea agreement (Doc. 47) and pled guilty to Count 1, for violation of 21 U.S.C. §§ 841(a)(1) and 846 for conspiracy to possess with the intent to distribute and to distribute in excess of 100 grams of methamphetamine. (Doc. 46).

On September 20, 1999, this Court sentenced him at the bottom of the sentencing guideline range to 151 months imprisonment, to be followed by five (5) years supervised release.  Judgment was entered on September 23, 1999. (Doc. 61).

Over two years later, on March 20, 2002, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. (Doc. 72). He argued that his federal sentence was enhanced based on a state conviction that he now claimed was invalid. (Doc. 72).

In light of the statutory one-year period of limitations for § 2255 motions, this Court issued an "Order to Show Cause" why the motion should not be dismissed as untimely. (Doc. 73).

Petitioner then moved to dismiss without prejudice on the basis that he would refile later after seeking collateral relief in state court. (Doc. 74).

On May 21, 2002, this Court denied the motion to dismiss and denied the § 2255 motion as time-barred. (Doc. 76). Petitioner did not appeal.

On June 6, 2002, Petitioner moved in state court to vacate the underlying conviction[1] on the basis of denial of his Sixth Amendment right to effective assistance of counsel. On December 15, 2004, the state court vacated the state conviction that had

---

[1] During a traffic stop for speeding in 1990, officers recovered incriminating items, including 8.443 grams of methamphetamine, a portable scale, and $6,697.52 in cash, from Domingo. He was arrested and charged in state court with "Promoting Dangerous Drugs in the Second Degree", "Unlawful Use of Drug Paraphernalia", and "Noncompliance with Speed Limit". (See Presentence Report ("PSR"), ¶ 47.) Judgment of conviction was entered on August 9, 1993. (PSR, ¶ 47; Circuit Court of the First Circuit of Hawaii, Case No. 91-3117.) The Intermediate Court of Appeals remanded on September 5, 1997 for further proceedings. Domingo was sentenced on July 21, 1998. (PSR, ¶ 47; and see, Doc. 79, Exh. A at 5.) Domingo did not seek state collateral relief until June 6, 2002.

been used to enhance Domingo's federal sentence in 1999.

Petitioner returned to federal court, and on November 22, 2005, filed a "Motion for Relief From Judgment" pursuant to Fed. R. Civ. P. 60(b)(5) and (6). (Doc. 79). The motion indicated that the underlying state conviction had now been vacated and that the Petitioner was seeking "reconsideration from this Court's Order denying his Title 28 U.S.C. § 2255 on May 21st, 2002, as time-barred". Petitioner essentially sought reduction of the federal sentence imposed in 1999.

On April 25, 2006, this Court denied Petitioner's Rule 60(b)motion. (Doc. 86). This Court found that even though the state conviction had now been vacated, Domingo had not offered "a viable explanation for his delay in challenging his state court conviction". (Doc. 86 at 9). Specifically, this Court noted that judgment in Domingo's federal criminal case had been entered on September 23, 1999, but "Domingo did not file his state habeas petition until June 6, 2002." (Doc. 86, p. 9). The Order denying Rule 60 relief essentially held that the previous order denying § 2255 relief had been correctly decided, that the status of the state conviction as "newly-vacated" did not change the result, and that Petitioner was not entitled to relief under Rule 60(b).

On June 21, 2006, Petitioner signed a notice of appeal from the denial of his Rule 60(b) motion. It was postmarked June 22, 2006. (Doc. 87). On September 1, 2006, the Ninth Circuit Court

of Appeals remanded in order for this District Court to determine whether to issue a COA. (Doc. 90). The Ninth Circuit Court of Appeals cited Lynch v. Blodgett, 999 F.2d 401 (9th Cir. 1993)(holding that a "certificate of probable cause"[2] was required to appeal the denial of a post-conviction Rule 60 motion).

**Analysis**

Even assuming that Petitioner's Rule 60(b) motion was properly before this Court,[3] and further assuming in light of the remand that an order denying a Rule 60(b) motion requires a COA,[4] Petitioner has not shown that he is entitled to a COA.

---

[2]Although Lynch was decided prior to enactment on April 24, 1996 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the pre-AEDPA requirement of a "certificate of probable cause" was essentially codified in the AEDPA. A "certificate of probable cause" is the functional equivalent of a "certificate of appealability".

[3]Domingo's Rule 60(b) motion sought reconsideration of this District Court's prior ruling that his § 2255 motion was time-barred. If a prisoner's Rule 60(b) motion challenges only the District Court's previous ruling regarding the period of limitations, the United States Supreme Court has held that the motion is not the equivalent of a successive habeas petition and can be ruled upon by the District Court without precertification by the Court of Appeals. Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2645-50 (2005).

[4]The Ninth Circuit Court of Appeals order requiring a COA appears to construe Domingo's Rule 60(b) motion as a continuation of his previous § 2255 proceeding. The District Court would have no jurisdiction to rule on a successive § 2255 motion, absent certification from the Ninth Circuit Court of Appeals. A COA is not required for the appeal of the denial of a Rule 60(b) motion. Pope v. Candelaria, 2006 WL 1569645 n.1 (9th Cir. May 31, 2006).

Fed. R. Civ. P. 60(b) provides in relevant part that:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ...(5) ... a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Rule 60(b) "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 441 (2004). Rule 60(b) applies in habeas proceedings only "to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2646 (citation omitted). Although the Supreme Court in Gonzales limited its analysis to comparison of Rule 60(b) motions and § 2254 petitions by state prisoners, the provisions of 28 U.S.C. § 2255 concerning motions by federal prisoners are similar, making the analysis in Gonzales relevant.

Petitioner points to the fact that his state conviction, the predicate for enhancement of his federal sentence in 1999, has now been vacated. Rule 60(b) indicates that a motion under parts (5) or (6) shall be made "within a reasonable time". While Petitioner's Rule 60 (b) motion may itself be timely,[5] he is

---

[5] Petitioner filed his Rule 60(b) motion within several months of being notified that the state court had vacated his state sentence. This would qualify as "within a reasonable time".

Page 6 of 12

seeking reconsideration of the Court's prior decision finding his § 2255 motion untimely.[6]

Unfortunately for Petitioner, the same reasons for finding Petitioner's § 2255 motion untimely still apply.

A motion to vacate pursuant to 28 U.S.C. § 2255 by a federal prisoner is subject to a one-year period of limitation that runs from the latest of four possible dates:

> "(1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255; see also, Clay v. United States, 537 U.S. 522, 524-25 (2003).

Given that 1) Domingo's federal sentence was imposed in 1999, 2) he did not file his § 2255 motion until 2002, and 3) he has shown no grounds for any equitable tolling, his § 2255 motion

---

[6]This Court did not reach the merits of Domingo's § 2255 motion. A federal prisoner may generally not challenge his federal sentence on the basis that his prior state conviction was unconstitutionally obtained. See Daniels v. United States, 532 U.S. 374, 376 (2001); Johnson v. United States, 544 U.S. 295, 305 (2005)("prior to the state vacatur, which Daniels makes a necessary condition for relief in most cases, a petitioner cannot obtain relief under § 2255").

was plainly time-barred under 28 U.S.C. § 2255, ¶ 6(1).

To the extent Petitioner alternatively argued under ¶ 6(4), this Court pointed out in its previous order (Doc. 86) that Domingo had waited over two years after imposition of his enhanced federal sentence to challenge the predicate state sentence. This Court found that Petitioner did not seek state relief with "due diligence". The fact that he eventually prevailed on his belated collateral challenge in state court changes nothing with respect to this Court's prior analysis under § 2255, ¶ 6(4).

The United States Supreme Court has addressed the requirement of "due diligence" under ¶ 6(4) and rejected the very argument raised by Petitioner. In <u>Johnson v. United States</u>, 544 U.S. 295, 307 (2005), the prisoner contended that his § 2255 petition was timely under ¶ 6(4) as long as he filed it within a year of learning his state conviction had been vacated, "no matter how long he may have slumbered before starting the successful proceeding." The United States Supreme Court rejected the notion that a prisoner could "wait a long time before raising any question about a predicate conviction". <u>Id</u>.

The United States Supreme Court held that under § 2255, ¶ 6(4), the one-year period of limitations begins to run when the prisoner received notice of the order vacating his prior state conviction, <u>provided that he had sought relief in state court</u>

with due diligence. Id. The United States Supreme Court indicated that "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." Id. at 308.

Domingo certainly knew he had an interest in challenging his state conviction at least by the time his enhanced federal sentence was imposed. Petitioner was aware of the enhancement in 1999, but did not seek relief in state court until 2002. The fact that Domingo has now obtained vacatur does not change the fact that he did not exercise due diligence in pursuing state relief. Like the prisoner in Johnson, Domingo was "obliged to act diligently to obtain the state-court order vacating his predicate conviction." Id. at 310. He did not do so.

Given that Domingo had not acted with "due diligence" in initiating the state proceedings to challenge his state conviction, and given that the result of such state proceeding does not change the due diligence determination, this Court denied Domingo's Rule 60 motion on April 24, 2006. (Doc. 86). This Court pointed out that "[o]ver two years passed between this Court's entry of judgment of conviction in the federal case and the time that Domingo filed his state habeas petition". (Doc. 86, at 1).

In considering whether to issue a COA, this Court doubts

that jurists of reason would debate whether Domingo had exercised "due diligence" by waiting several years to challenge his underlying state conviction. The Supreme Court has observed that "due diligence" indicates "prompt action". Johnson, 544 U.S. at 308.

Domingo's attempt to blame counsel for the delay is belied by the record. Before dismissing Domingo's § 2255 motion, this Court afforded him the opportunity to furnish reasons why his petition should not be held untimely, but Domingo did not provide any persuasive reasons.

As previously explained in the order denying Rule 60(b) relief (Doc. 86), the record merely shows that Domingo sought return of a retainer from an attorney (Mr. Frank Fernandez) because he had only hired Mr. Fernandez for one day. Nothing in the record indicates that this attorney was expected to pursue a motion to vacate in state court or that his representation of Domingo was ongoing in any respect. Domingo has not shown that he reasonably believed this attorney was pursuing state collateral relief for him. Domingo certainly could have sought other legal assistance without waiting over two years.

When this Court imposed the federal sentence on Petitioner in 1999, his underlying state conviction was still in force. Petitioner was properly sentenced under the federal sentencing guidelines in accordance with the law at the time. Although the

state court subsequently vacated Petitioner's state sentence, Petitioner did not seek this state relief with "due diligence". As a result, Petitioner has not shown that this Court's 2002 order denying § 2255 relief was incorrectly decided or should be revisited.

Jurists of reason would probably not debate whether Domingo has made a substantial showing of the denial of a constitutional right, given that he was correctly sentenced in 1999. On the other hand, the Supreme Court has held that if a Defendant is "successful in attacking [his] state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." <u>Custis v. United States</u>, 511 U.S. 485, 497 (1994). Even if jurists of reason might debate whether Petitioner's enhanced sentence should be corrected (given that the basis for enhancement of that sentence has been eliminated), he must satisfy both prongs of <u>Slack</u> to obtain a COA.

With respect to the "procedural" prong of <u>Slack</u>, jurists of reason would not debate whether Domingo had exercised "due diligence" in waiting over two years to initiate proceedings in state court to challenge the predicate state conviction.  It is well-settled that if a Petitioner does not timely assert his rights, a statute of limitations may limit his access to review of his claim. <u>Daniels v. United States</u>, 532 U.S. 374, 381 (2001)(observing that the legal "system affords a defendant

convicted in state court numerous opportunities to challenge the constitutionality of his conviction", but pointing out that such opportunities "are not available indefinitely and without limitation"); United States v. Olano, 507 U.S. 725, 731 (1993)(holding that rights may be forfeited in criminal cases "by the failure to make timely assertion of the right").

Assuming that a COA is required in this instance, the Petitioner has not met both Slack prongs and is not entitled to a COA. Accordingly,

It is **ORDERED** that Petitioner is not entitled to a "Certificate of Appealability".

DATED: Honolulu, Hawaii, September 29, 2006.



           **/s/ Helen Gillmor**
Chief United States District Judge

Crim. No. 98-00594 HG-01; Civ. No. 02-00167 HG-BMK; Larry Sacoco Domingo v. United States; **ORDER DENYING CERTIFICATE OF APPEALIBILITY**